B7 (Official Form 7) (12/07)

# UNITED STATES BANKRUPTCY COURT

_____ DISTRICT OF __UTAH_____

In re: Jason Asay _____     Case No. __09-24558 JAB_____
         Debtor                                              (if known)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1.    Income from employment or operation of business**

None

☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| YEAR | AMOUNT | SOURCE |
|------|--------|--------|
| 2009 YTD | $9,625 | Business Income from Asay Corporation, from store management commissions from Fred Communications, LLC |
| 2008 | -$54,820 | Business loss from Asay Corporation, including store management commissions from Fred Communications, LLC, and member distributions from Ace Marketing, LLC; Ace Marketing 2, LLC; Ace Marketing 8, LLC. |
| 2008 | $110 | Wages from Kroger Group Cooperative, Inc. |

| 2007 | -$51,302 | Business loss from Asay Corporation, including member distributions from Ace Marketing 1, LLC; Ace Marketing 2, LLC; Ace Marketing 3, LLC; Ace Marketing 4, LLC; Ace Marketing 8, LLC; WCRBJ1, LLC n/k/a Ace Marketing 9, LLC. |

---

**2.**      **Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| YEAR | AMOUNT | SOURCE |
|------|--------|--------|
| 2007 | $25,000 | Sale of franchise rights on 7/1/2007. |
| 2007 | $35,000 | Sale of franchise rights on 9/1/2007 |

---

**3.**      **Payments to creditors**

None ☒

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

---

None ☐

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Washington Mutual Bank (involuntary payment, seized from checking account to satisfy overdraft) | 4/26/2009 | $730 | $0 |

---

None ☒

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

**4.      Suits and administrative proceedings, executions, garnishments and attachments**

None
[X]

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
[X]

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5.      Repossessions, foreclosures and returns**

None
[X]

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6.      Assignments and receiverships**

None
[X]

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
[X]

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT,  CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7.      Gifts**

None
[ ]

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless

the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| Church of Jesus Christ of Latter-day Saints | Member of Church | | Cash donation |
| | | 5/11/2008 | $185.00 |
| | | 6/8/2008 | $325.00 |
| | | 7/6/2008 | $185.00 |
| | | 7/20/2008 | $330.00 |
| | | 7/27/2008 | $550.00 |
| | | 8/3/2008 | $10.00 |
| | | 8/24/2008 | $385.00 |
| | | 8/31/2008 | $10.00 |
| | | 9/21/2008 | $440.00 |
| | | 10/12/2008 | $550.00 |
| | | Nov 2008 | $300.00 |
| | | Dec 2008 | $400.00 |
| | | Dec 2008 | $100.00 |
| | | Jan 2009 | $400.00 |
| | | Jan 2009 | $100.00 |
| | | 2/17/2009 | $550.00 |
| | | Feb 2009 | $100.00 |
| | | 3/18/2009 | $425.00 |
| | | Mar 2009 | $100.00 |
| | | 4/14/2009 | $945.00 |
| | | Apr 2009 | $100.00 |
| | | 5/4/2009 | $610.00 |
| | | 5/4/2009 | $700.00 |
| | | **TOTAL** | **$7,800.00** |

---


None

**8.        Losses**

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---


None

**9.        Payments related to debt counseling or bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Pioneer Credit Counseling | | $35 |
| Jacob R. Powell | | $750 |

---


None

**10.        Other transfers**

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses

whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Misty Asay (non-filing spouse) 2656 North Cypress Way Lehi, Utah | 12/2008 | 2007 Toyota Forerunner refinanced so that title to car and debts were in the name of Misty Asay only.  Purpose of transfer was because Misty Asay had better credit and would have a better interest rate.  No value was received for transfer.  There was no equity in the car at the time. |

**None** [X]  b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**None** [X]  **11.     Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| TYPE OF ACCOUNT, NAME AND ADDRESS OF INSTITUTION | LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**None** [X]  **12.     Safe deposit boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**None** [X]  **13.     Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**None**  **14.     Property held for another person**

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| Misty Asay (Non-filing Spouse) 2656 North Cypress Way Lehi, Utah | Residence Est. Value: $220,000. First mortgage: $210,000 to Countrywide Bank. Second mortgage: $53,000 to Chase Bank (owned by Misty Asay before marriage. Secured debts also came into existence before marriage) | 2656 North Cypress Way, Lehi, Utah |
| " | One refridgerator, freezer, stove, microwave, carpets in use, beds, bedding, dishes, silverware, small appliances. Est. Value: $1,000. (owned by Misty Asay before marriage) | 2656 North Cypress Way, Lehi, Utah |
| " | Couch. Est. Value: $200. (owned by Misty Asay before marriage) | 2656 North Cypress Way, Lehi, Utah |
| " | Television Set – 2003. Est. Value: $30. DVD/VHS player – 2003. Est. Value: $20. Laptop – 2005. Est. Value: $50. (owned by Misty Asay before marriage) | 2656 North Cypress Way, Lehi, Utah |



**15.      Prior Address of Debtor**

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                    NAME USED                    DATES OF OCCUPANCY



**16.      Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17.      Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.



a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the

governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF ENVIRONMENTAL NOTICE | LAW |
|---|---|---|---|

None
[X]

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF ENVIRONMENTAL NOTICE | LAW |
|---|---|---|---|

None
[X]

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

None
[ ]

**18.     Nature, location and name of business**

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in 8 which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case. *If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case. *If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL NAME OR TAXPAYER ID NO (ITIN) / COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Asay Corporation | EIN 6638644-0142 Tax ID 87-0809781 | 2656 N. Cypress Way Lehi, UT 84043 | Management services for cell phone stores | 6/5/2007 – Present |
| Ace Marketing, LLC | EIN 6318700-0160 Tax ID 74-3188609 | 515 W 550 N Ste B Lindon, UT 84042 | Cell Phone Store | 9/6/2006 – 3/2008 |
| Ace Marketing 2, LLC | EIN 6376280-0160 Tax ID 51-0609373 | 1276 W 12600 S Ste D Riverton, UT 84065 | Cell Phone Store | 11/1/2006 – 2/2008 |
| Ace Marketing 3, LLC | Tax ID 56-2634016 | 985 W. State St. Ste 102 Pleasant Grove, UT 84062 | Cell Phone Store | 3/2007 – 10/2007 |
| Ace Marketing 4, LLC | EIN 6458032-0160 Tax ID 87-0811590 | 352 N. State St. Ste A Orem, UT 84058 | Cell Phone Store | 1/17/2007 – 3/2008. |
| Ace Marketing 5, LLC | EIN 6748228-0160 Tax ID 68-0659244 | 319 W 600 S Salt Lake City, UT | Considered opening cell phone store. | Created 9/12/2007. |

| | | | | |
|---|---|---|---|---|
| | | 84101 | Never opened. | |
| Ace Marketing 6, LLC | Tax ID 42-1737670 | 4490 S Highland Dr. Holladay, UT 84124 | Considered opening cell phone store. Never opened. | Created abt 10/2007 |
| Ace Marketing 7, LLC | EIN 6723620-0160 Tax ID 61-1537939 | 1078 S. Main St. Spanish Fork, UT 84660 | Considered opening cell phone store. Never opened. | Created 8/20/2007 |
| Ace Marketing 8, LLC | EIN 6640381-0160 Tax ID 87-0803216 | 4300 MEADOWS LAND #5552 Las Vegas, NV 89107 | Cell Phone Store | 6/5/2007 – 3/2008. |
| Ace Marketing 9, LLC f/k/a WCRBJ1, LLC | EIN 6705182-0160 Tax ID 45-0568821 | 3528 S. MARYLAND PKWY #5511 Las Vegas, NV 89169 | Cell Phone Store | 8/3/2007 – 10/2007. |

None
[X]

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

    NAME         ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time. *(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19.**    **Books, records and financial statements**

None
[ ]

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Dan Reinhart (kept books for Ace Marketing 1, 2, 3, 8, and 9) 150 N Main St. Ste 101 Bountiful, UT 84101 | 2/2007 – 10/2007 |
| Jeff Withers (kept books for Ace Marketing 4 only) 898 S Main St Pleasant Grove, UT 84062 (801)796-7597 | 11/1/2007 – 3/2008 |

None
[X]

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

    NAME               ADDRESS               DATES SERVICES RENDERED

None
[X]

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

    NAME               ADDRESS

None
[X]

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                    DATE ISSUED

---

None
[X]

**20.        Inventories**
a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY              INVENTORY SUPERVISOR              DOLLAR AMOUNT OF
                                                                INVENTORY (Specify cost, market,
                                                                or other basis)

---

None
[X]

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

DATE OF INVENTORY                              NAME AND ADDRESS OF CUSTODIAN OF
                                              INVENTORY RECORDS

---

None
[X]

**21.        Current Partners, Officers, Directors and Shareholders**
a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS              NATURE OF INTEREST              PERCENTAGE OF INTEREST

---

None
[X]

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NATURE AND PERCENTAGE              NAME AND ADDRESS              TITLE OF STOCK OWNERSHIP

---

None
[X]

**22.        Former partners, officers, directors and shareholders**
a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                              ADDRESS                      DATE OF WITHDRAWAL

---

None
[X]

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS              TITLE                            DATE OF TERMINATION

---

None
[X]

**23.        Withdrawals from a partnership or distributions by a corporation**
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS                  DATE AND PURPOSE OF              AMOUNT OF MONEY OR
OF RECIPIENT,                   WITHDRAWAL                      DESCRIPTION AND VALUE OF

RELATIONSHIP TO DEBTOR                                          PROPERTY

**24.    Tax Consolidation Group**

None

[X]

None If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION          TAXPAYER-IDENTIFICATION NUMBER (EIN)

**25.    Pension Funds**

None

[X]

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND          TAXPAYER-IDENTIFICATION NUMBER (EIN)

*[If completed by an individual or individual and spouse]*
I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date___5/20/2009_____          Signature__/s/ Jason Asay_____
                                                                              Of Debtor

Date_____          Signature_____
                                                                              Of Joint Debtor, if any

*[If completed on behalf of a partnership or corporation]*
I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date_____          Signature_____

Print Name and Title _____

Date_____          Signature_____
                                                                              Of Joint Debtor, if any

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

**B6A (Official Form 6A) (12/07)**

In re  __Jason Asay_____,  Case No.  ___09-24558 JAB_____
         **Debtor**                                                    **(If known)**

# SCHEDULE A – REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None.<br>Note: Non-filing spouse owns Residence. See Statement of Financial Affairs ¶ 14. | | | | |

                                                                 Total
                                                            (Report also on Summary of Schedules.)

B6B (Official Form 6B) (12/07)

In re  **Jason Asay**                                                    ,         Case No.      **09-24558 JAB**
                        **Debtor**                                                                                    **(If known)**

# SCHEDULE B – PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Washington Mutual Checking | H | $0 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Washington Mutual Checking (jointly held with Joseph Fife) | H | $0 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Wells Fargo Checking (jointly held with Spouse) | J | $0 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Wells Fargo Checking (jointly held with Spouse) | J | $0 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | One washer, one dryer, provisions for 12 months including food, small appliances, luggage. | J | $200 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Kitchen Table –2008, Kitchen Stools – 2007. | J | $200 |
| 4. Household goods and furnishings, including audio, video, and computer | | Audio, Video, Computer Equipment<br>Printer – 2007 | J | $10 |

B6B (Official Form 6B) (12/07)

In re   Jason Asay                                    ,        Case No.        09-24558 JAB
                    **Debtor**                                                      **(If known)**

## SCHEDULE B – PERSONAL PROPERTY

| equipment. | | Misc. Office Supplies collectively | J | $5 |
|---|---|---|---|---|
| | | Television Set –2007 | J | $145 |
| | | Television stand – 2007 | J | $10 |
| | | iHome Stereo – 2007 | J | $10 |
| | | 2 GB ipod Nano –2006 | J | $15 |
| | | Watch –2001 | J | $25 |
| | | Watch –2008 | J | $20 |
| | | 8mm video camera – 2001 | J | $35 |
| | | Digital camera – 2007 | J | $20 |
| | | GPS System – 2007 | J | $40 |
| | | Cell Phone – 2008 | J | $25 |
| | | Television Set – 2003 | H | $30 |
| | | DVD/VHS player – 2003 | H | $20 |
| | | Laptop – 2005 | H | $50 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Wedding Gifts collectively (bowls, toaster, blender, barbecue materials, towels, and other miscellaneous household goods) | J | $185 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Miscellaneous | | |
| | | Decorations in house | J | $100 |
| | | Colognes and Grooming | J | $40 |
| | | Golf Clubs – 2003 | J | $25 |
| | | Tools and garden supplies | J | $35 |
| | | | J | $10 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing Apparel. | | Clothes/Jackets collectively | J | $145 |
| | | Shoes collectively | | $95 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Farmers Insurance - $500,000 face value. Created 6/4/2008.  $200 per month premium. Initially paid $8,000 advance toward premium on 6/4/2008.  8/2008 borrowed $3,000 against policy. 12/2008 borrowed $430 against policy.  Next premium payment comes due in about May 2010. | H | Unknown |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | Trust Company of America Roth IRA - Rolled over in about Sep 2008 from American Funds Roth IRA.  First contribution ($4,000) was in April 2008.  $1,000 contribution made in September 2008 after rollover. | H | $5,000. |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and | X | | | |

B6B (Official Form 6B) (12/07)

In re   **Jason Asay**                                                  ,          Case No.        **09-24558 JAB**
                        Debtor                                                                                          (If known)

## SCHEDULE B – PERSONAL PROPERTY

| | | | | |
|---|---|---|---|---|
| other negotiable and nonnegotiable instruments. | | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Rights in indemnity agreements against assignees who agreed to indemnify Debtor against claims of the following unsecured creditors (see Schedule F): MTB Enterprises, Inc., AmSource Pleasant Grove, LLC, Williamsen Riverton, Inc., R-E, LLC, AT Investments, LLC. | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | 50% interest in one Wireless City Franchise that was purchased for resale but never resold.  Debtor paid $10,000.  Co-owner is Joseph Fife.  Franchise includes rights to use name and trade secrets of Wireless City / Andrew Reinhart.  Franchise is transferrable.  Debtor believes franchise to be of no value, because Andrew Reinhart / Wireless City is no longer selling franchises. | H | $0 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2007 Toyota Forerunner.  Currently owned solely in Wife's name, but was formerly owned jointly. | W | $18,000 |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2007 Hyundai Elantra | J | $11,175 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |

**B6B (Official Form 6B) (12/07)**

In re   **Jason Asay**                                              ,          Case No.      **09-24558 JAB**
_____                                                   _____
                        **Debtor**                                                                        **(If known)**

## SCHEDULE B – PERSONAL PROPERTY

| | | | | |
|---|---|---|---|---|
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | <u>Separate property of non-filing spouse</u><br>Debtor has no interest in the following property.  See Statement of Financial Affairs ¶ 14.<br>One refridgerator, freezer, stove, microwave, carpets in use, beds, bedding, dishes, silverware, small appliances. | W | $0 |
| | | Couch. | W | $0 |

Total | $35,670

(Report also on Summary of Schedules.)

**B6C (Official Form 6C) (12/07)**

In re   Jason Asay                                    ,        Case No.        09-24558 JAB
_____                              _____
            **Debtor**                                                           **(If known)**

# SCHEDULE C – EXEMPT PROPERTY

Debtor claims the exemptions to which debtor is entitled under:         ☐  Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                             $136,875.
☐   11 U.S.C. § 522(b)(2)
■   11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| PROPERTY OF DEBTOR (exemptions claimed by debtor) | | | |
| One washer, one dryer, provisions for 12 months including food, small appliances, luggage. | U.C.A. 78B-5-505(a)(viii) | 100% | $200 |
| Kitchen Table –2008, Kitchen Stools – 2007. | U.C.A. 78B-5-506(1)(b) | $500 | $200 |
| 2007 Hyundai Elantra | U.C.A. 78B-5-506(3) | $2,500 | $11,175 |
| Farmers Insurance - $500,000 face value, created in May 2008.  Paid $8,000 toward insurance, borrowed $3,500 against it. | U.C.A. 78B-5-505(a)(xii) | 100% | Unknown |
| Trust Company of America - Rolled over in about Sep 2008 from another IRA, provided by American Funds.  Last contribution ($5,000) was in April 2008. | U.C.A. 78B-5-505(a)(xiv) | $5,000 | $5,000 |
| PROPERTY OF NON-FILING SPOUSE (exemptions claimed by non-filing spouse) | | | |
| Residence (separate property of non-filing spouse) | U.C.A. 78B-5-503(2)(ii) (claimed by non-filing spouse) | $20,000. | $0 (value of Debtor's interest in the property) |
| One refridgerator, freezer, stove, microwave, carpets in use, beds, bedding, dishes, silverware, small appliances. | U.C.A. 78B-5-505(a)(viii) | 100% | $1,000.00 |
| 2007 Toyota Forerunner. Currently owned solely in Wife's name, but was formerly owned jointly. | U.C.A. 78B-5-506(3) (claimed by non-filing spouse) | $2,500 | $18,000 |
| | Total | | $12,900 |

(Report also on Summary of Schedules.)

B6D (Official Form 6D) (12/07)

In re  **Jason Asay**                                    ,          Case No.       **09-24558 JAB**
              **Debtor**                                                                        **(If known)**

## SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided. If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐     Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No: 49807001....<br>Alpine Credit Union<br>1510 N State St<br>Orem, UT 84057 | x | J | Date: 12/01/2007.<br>Nature: Security Agreement.<br>Property: 2007 Hyundai Elantra.<br><br>Value: $11,175. | | | | $13,486 | $2,311 |
| Toyota Financial<br>912 Ft. Duquesne Blvd., Suite T<br>Pittsburgh, PA 15222-3602 | | W | Date: December 2008<br>Nature: Security Agreement.<br>Property: 2007 Toyota Forerunner<br><br>Value: $18,000. | | | | $19,000 | $1,000 |
| Account No: Farmers Insurance<br>707 W. 700 S., Suite 101<br>Woods Cross, UT 84087 | x | H | Date: 05/01/2008.<br>Nature: Loan from life insurance provider secured by life insurance policy.<br>Property:<br><br>Value: Unknown. | | | | $3,430.00 | $0 |
| | | | Total | | | | $ 35,916<br>(Report also on Summary of Schedules.) | $3,311<br>(If applicable, report also on Statistical Summary) |

B6E (Official Form 6E) (12/07)

In re  __Jason Asay_____ ,   Case No.   __09-24558 JAB__
         **Debtor**   **(If known)**

# SCHEDULE E – CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules. Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■    Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐    Domestic Support Obligations

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐    Extensions of credit in an involuntary case

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐    Wages, salaries, and commissions

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐    Contributions to employee benefit plans

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐    Certain farmers and fishermen

    Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐    Deposits by individuals

**B6E (Official Form 6E) (12/07)**

In re   Jason Asay                                         ,        Case No.        09-24558 JAB
                    **Debtor**                                                              **(If known)**

# SCHEDULE E – CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐      Taxes and Certain Other Debts Owed to Governmental Units

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐      Commitments to Maintain the Capital of an Insured Depository Institution

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐   Claims for Death or Personal Injury While Debtor Was Intoxicated

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No: | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | Total (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | | | | $ | | |
| | | | Totals (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | | | | $ | $ |

Sheet no. ____ of _____ continuation sheets attached to Schedule of
Creditors Holding Priority Claims

B6F (Official Form 6F) (12/07)

In re   **Jason Asay**                                    ,        Case No.        **09-24558 JAB**
_____                              _____
          Debtor                                                              (If known)

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."

If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐        Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO  SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No: 3499914663137723 Amex PO Box 297812 Ft Lauderdale, FL 33329 | | H | Date: August 1, 2007. Consideration: Personal credit card, primarily used for business expenses. | | | | $12,672 |
| Account No: Amsource Pleasant Grove, LLC 358 S Rio Grande, Suite 200 Salt Lake City, UT 84101 | | H | Consideration: Personal guarantee on business lease for property used for cell phone store in Pleasant Grove, Utah. | X | X | X | Unknown |
| Account No: Andrew Rinehart 680 S Davis Blvd Bountiful, UT 84010 | | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |
| Account No: AT Investments, LLC 43 E 7200 S Ste D Midvale, UT 84047 | | H | Consideration: Personal guarantee on business lease for property used for cell phone store in Orem, Utah. | X | X | X | Unknown |
| Account No: 265001860004 AT&T 208 S. Akard St. Dallas, TX 75202 | | H | Date: 2007 Past due cellular telephone service bills | | | | $1,298.16 |
| Account No: AVD, LLC 10939 N Alpine Hwy Ste 101 | | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |

B6F (Official Form 6F) (12/07)

In re  Jason Asay                              ,        Case No.        09-24558 JAB
                    **Debtor**                                                    **(If known)**

## SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Highland, UT 84003 | | | | | | | |
| Account No:<br>Ben Murdock<br>4267 S Summer Meadow Dr.<br>Bountiful, UT 84010 | | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |
| Account No:<br>Brandon Chambers<br>2253 N. 850 E.<br>Lehi, UT 84043 | | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |
| Account No:<br>Carl Christensen<br>1781 Lorien Dr.<br>Bountiful, UT 84010 | | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |
| Account No:<br>540168307438....<br>Chase<br>800 Brooksedge Blvd<br>Westerville, OH 43081 | | H | Date: December 1, 2006.<br>Consideration: Personal credit card, primarily used for business expenses. | | | | $2,139.64 |
| Account No:<br>Clair Asay<br>2055 E 3900 S<br>Salt Lake City, UT 84124 | | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |
| Account No:<br>Clayton Peterson<br>2455 W. Serene Ave.<br>Las Vegas, NV 89123 | | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |
| Account No:<br>Daniel Graham<br>1219 S 1850 W #224<br>Springville, UT 84663 | | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |
| Account No:<br>700106325074....<br>HSBC/BSBUY<br>PO Box 15524<br>Wilmington, DE 19850 | | H | Date: August 1, 2007.<br>Consideration: Personal credit account, primarily used for business expenses. | | | | $1,215 |
| Account No:<br>Jeremy Woodard<br>2007 W. 730 S. Cir<br>St George, UT 84770 | | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |
| Account No:<br>Jessica Whittaker<br>889 S 140 E<br>Farmington, UT 84025 | | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |
| Account No:<br>John Higbee<br>10449 S Redwood Rd<br>South Jordan, UT 84095 | | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |
| Account No:<br>John Payton<br>1633 W. 3500 S. West Valley, UT 84119 | | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |
| Account No:<br>Jon Lewis<br>878 N 800 E | | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |

**B6F (Official Form 6F) (12/07)**

In re  Jason Asay                                                          ,        Case No.        09-24558 JAB
                              **Debtor**                                                                                                    **(If known)**

## SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Orem, UT 84097 | | | | | | | |
| Account No:<br>Justin Whittaker<br>889 S 140 E<br>Farmington, UT 84025 | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |
| Account No:<br>Kevin Jones<br>711 South Carson St. Ste 4<br>Carson City, NV 89701 | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |
| Account No:<br>Kale Goodman<br>1972 E. Rustic Dr.<br>St George, UT 84790 | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |
| Account No:<br>Lee Henrickson<br>150 N Main St. Suite 101<br>Bountiful, UT 84010 | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | $2,000 |
| Account No:<br>Mark Roylance<br>985 State St. Suite 102<br>Pleasant Grove, UT 84062 | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |
| Account No:<br>Mindy Murdock<br>4267 S Summer Meadow Dr.<br>Bountiful, UT 84010 | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | $6,000 |
| Account No:<br>MTB Enterprises, Inc.<br>155 Malvern<br>Salt Lake City, UT 84115 | H | Consideration: Personal guarantee on business lease for property used for cell phone store in Lindon, Utah. | X | X | X | Unknown |
| Account No:<br>Nic Smith<br>12095 S. 1300 W.<br>Riverton, UT 84065 | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |
| Account No:<br>Paul Graham<br>6296 W 10150 N<br>Highland, UT 84003 | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |
| Account No:<br>R-E, LLC c/o Egan Investments<br>140 W 2100 S<br>Salt Lake City, UT 84115 | H | Consideration: Personal guarantee on business lease for property used for cell phone store in Salt Lake City, Utah. | X | X | X | Unknown |
| Account No:<br>Rex Doman<br>1513 E 320 N<br>Spanish Fork, UT 84660 | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |
| Account No:<br>Rick Perry<br>1076 E Brook Circle<br>Alpine, UT 84004 | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |
| Account No:<br>Ryan Cullimore<br>400 E Hillside Blvd #203<br>San Mateo, CA 94402 | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |

**B6F (Official Form 6F) (12/07)**

In re   **Jason Asay** _____ ,        Case No.    **09-24558 JAB** _____
                    **Debtor**                                                    **(If known)**

## SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| Account No: Scott Doman 1513 E 320 N Spanish Fork, UT 84660 | | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |
|---|---|---|---|---|---|---|---|
| Account No: Victor Ruffer 1839 Boundary Peak Dr. Summerlin, NV 89135 | | H | Consideration: Potential personal liability for business obligations of Asay Corporation. | X | X | X | Unknown |
| Account No: Washington Mutual 1301 Second Ave. Seattle, WA 98101 | | H | Date: Abt Fall 2008. Consideration: Personal liability on business credit card, primarily used for business expenses. | | | | $1,898.94 |
| Account No: 446542011845.... Wells Fargo Bank PO Box 5445 Portland, OR 97228 | | H | Date: December 1, 2007. Consideration: Personal credit card, primarily used for business expenses. | | | | $10,655 |
| Account No: 207442197241.... Wells Fargo Ed Fin Svc 301 E 58th St N Sioux Falls, SD 57104 | X | H | Date: September 1, 2004. Consideration: Personal loan (co-signed by Clair Asay). | | | | $1,500 |
| Account No: 207442197241.... Wells Fargo Ed Fin Svc 301 E 58th St N Sioux Falls, SD 57104 | | H | Date: October 1, 2005. Consideration: Personal loan. | | | | $2,500 |
| Account No: 207442197241.... Wells Fargo Ed Fin Svc 301 E 58th St N Sioux Falls, SD 57104 | | H | Date: January 1, 2006. Consideration: Personal loan. | | | | $3,000 |
| Account No: Williamsen Riverton, Inc. 655 E 400 S Suite 200 Salt Lake City, UT 84102 | | H | Consideration: Personal guarantee on business lease for property used for cell phone store in Riverton, Utah. | X | X | X | Unknown |

Total        $ 42,979.80

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

**B6G (Official Form 6G) (12/07)**

In re   **Jason Asay**                                                          ,          Case No.          **09-24558 JAB**
                    **Debtor**                                                                                                    **(If known)**

## SCHEDULE G – EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■      Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

**B6H (Official Form 6H) (12/07)**

In re   <u>Jason Asay</u>                   ,       Case No.    <u>09-24558 JAB</u>

              **Debtor**                                                     **(If known)**

# SCHEDULE H – CODEBTORS

       Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐    Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Clair Asay<br>2055 E 3900 S<br>Salt Lake City, UT 84124 | Wells Fargo Ed Fin Svc<br>301 E 58th St N<br>Sioux Falls, SD 57104 |

B6I (Official Form 6I) (12/07)

In re   Jason Asay                              ,          Case No.        09-24558 JAB
                    **Debtor**                                                      **(If known)**

# SCHEDULE H – CURRENT MONTHLY INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status:<br>**Married** | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | RELATIONSHIP(S): | | AGE(S): |
| Occupation | Self-Employed, via Asay Corporation, providing management services to cell phone store owned by Fred Communications, LLC | Teacher | |
| Name of Employer | Asay Corporation | Alpine School District | |
| How long employed | | | |
| Address of Employer | 352 N. State St. Ste A<br>Orem, UT 84058 | 575 North 100 East<br>American Fork, UT 84003 | |

|  | INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. | Monthly gross wages, salary, and commissions (prorate if not paid monthly) | $   $0.00 | $   $3,210.00 |
| 2. | Estimate monthly overtime | $   $0.00 | $   $0.00 |
| 3. | SUBTOTAL | $   $0.00 | $   $3,210.00 |
| 4. | LESS PAYROLL DEDUCTIONS | | |
|  | a. Payroll taxes and social security | $   $0.00 | $636 |
|  | b. Insurance | $   $0.00 | |
|  | c. Union dues | $   $0.00 | |
|  | d. Other (Specify): _____ | $   $0.00 | |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | $   $0.00 | $   $636 |
| 6. | TOTAL NET MONTHLY TAKE HOME PAY | $   $0.00 | $   $2,574 |
| 7. | Regular income from operation of business, profession or farm (attach detailed statement) | $   2,406.25 | $   $0.00 |
| 8. | Income from real property | $   $0.00 | $   $0.00 |
| 9. | Interest and dividends | $   $0.00 | $   $0.00 |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $   $0.00 | $   $0.00 |
| 11. | Social security or government assistance (Specify): _____ | $   $0.00 | $   $0.00 |
| 12. | Pension or retirement income | $   $0.00 | $   $0.00 |
| 13. | Other monthly income (Specify): _____ | $   $0.00 | $   $0.00 |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | $   $0.00 | $   $0.00 |
| 15. | AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | $   2,406.25 | $2,574.00 |
| 16. | COMBINED AVERAGE MONTHLY INCOME (Combine totals from line 15) | $      4,980.25 | |

17.   Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
   **Subsequent to filing, Debtor obtained seasonal employment selling alarm systems, in addition to his regular self-employment income. It is presently unknown how much Debtor will earn based on this additional employment.**

**B6J (Official Form 6J) (12/07)**

In re   Jason Asay                                    ,      Case No.      09-24558 JAB
_____Debtor_____                                                    _____(If known)_____

# SCHEDULE J – CURRENT MONTHLY EXPENSES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, or semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. | Rent or home mortgage payment (include lot rented for mobile home) | $ 1,800 |
| | a. Are real estate taxes included? Yes __X____ No _____ | |
| | b. Is property insurance included? Yes __X____ No _____ | |
| 2. | Utilities: | |
| | a. Electricity and heating fuel | $ 200 |
| | b. Water and sewer | $ 90 |
| | c. Telephone | $ 100 |
| | d. Other _____ | $ |
| 3. | Home maintenance (repairs and upkeep) | $ 50 |
| 4. | Food | $ 300 |
| 5. | Clothing | $ 25 |
| 6. | Laundry and dry cleaning | $ 15 |
| 7. | Medical and dental expenses | $ 25 |
| 8. | Transportation (not including car payments) | $ 0 |
| 9. | Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 150 |
| 10. | Charitable contributions | $ 450 |
| 11. | Insurance (not deducted from wages or included in home mortgage payments) | $ |
| | a. Homeowner's or renter's | $ |
| | b. Life | $ 200 |
| | c. Health | $ |
| | d. Auto | $ 300 |
| | e. Other _____ | $ |
| 12. | Taxes (not deducted from wages or included in home mortgage payments) | |
| | (Specify) _____ | $ 0 |
| 13. | Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
| | a. Auto          Hyundai Elantra | $ 320 |
| | Toyota Forerunner | 337 |
| | b. Other          Student Loan for Misty | $ 95 |
| | c. Other _____ | $ |
| 14. | Alimony, maintenance, and support paid to others | $ 0 |
| 15. | Payments for support of additional dependents not living at your home | $ 0 |
| 16. | Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0 |
| | | 0 |
| 17. | Other HOA Fees_____ | $ 105 |
| 18. | AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, | $ 5,462 |
| | if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | |
| 19. | Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: | |

_____
_____
_____

| | | |
|---|---|---|
| 20. | STATEMENT OF MONTHLY NET INCOME | |
| | a. Average monthly income from Line 15 of Schedule I | $ 4,980.25 |
| | b. Average monthly expenses from Line 18 above | $ 5,462.00 |
| | c. Monthly net income (a. minus b.) | $ -481.75 |

B6 (Official Form 6 - Declaration) (12/07)

In re  Jason Asay_____ ,       Case No.      09-24558 JAB_____
                    **Debtor**                                                        **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___17___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _5/20/2009_____       Signature: _/s/ Jason Asay_____
                                                                                    Debtor

Date _____       Signature: _____
                                                                                    (Joint Debtor, if any)

                                                                        [If joint case, both spouses must sign.]

--------------------------------------------------------------------------------------
**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____       _____
Printed or Typed Name and Title, if any,                   Social Security No.
of Bankruptcy Petition Preparer                              *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____       _____
Signature of Bankruptcy Petition Preparer                   Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*
--------------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

       I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

                              Signature: _____

                                             _____
                                             [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*
--------------------------------------------------------------------------------------
*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

**B6 (Official Form 6 - Summary) (12/07)**

In re   Jason Asay                                     ,         Case No.        09-24558 JAB
                    **Debtor**                                                                                      **(If known)**

# United States Bankruptcy Court
## _____ District Of _____

In re _____,                    Case No. _____
                              Debtor                                            Chapter _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 0 | | |
| B - Personal Property | YES | 4 | $ 35,670 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 35,916 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $ 0 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 4 | | $ 42,979 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtors | YES | 1 | | | $ 4,980 |
| J - Current Expenses of Individual Debtors | YES | 1 | | | $ 5,462 |
| | | 17 | $ 35,760 | $ 78,895 | |

B6 (Official Form 6 – Statistical Summary) (12/07)

In re   Jason Asay_____ ,        Case No.   _____09-24558 JAB_____
       **Debtor**        **(If known)**

# United States Bankruptcy Court
## _____ District Of _____

In re _____,        Case No. _____
      Debtor        Chapter _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

■ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| TOTAL | $ |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ |
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ |
| TOTAL | $ |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ |